UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MALKESH KIRITBHAI PATEL,
Petitioner,
v.
TODD BLANCHE, in his official capacity as Attorney General, et al.,
Respondents.

Case No.: 3:26-cv-05112-RBM-BJW

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Pending before the Court is Petitioner Malkesh Kiritbhai Patel's ("Petitioner") Verified Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Petitioner, a citizen of India, entered the United States without inspection on or about January 11, 2026 and was immediately taken into custody. (Doc. 1 ¶¶ 1–4.) Petitioner received a credible fear determination and was placed in withholding of removal proceedings. (*Id.* ¶¶ 4–5.) Petitioner has been detained continuously since his arrival, for over eight months, at Imperial Regional Detention Facility. (*Id.* ¶¶ 7, 19.) Petitioner filed his Petition on September 9, 2026. (*Id.*) On September 16, 2026, Respondents filed their Return. (Doc. 4.) Petitioner was authorized to file a reply on or before September 23, 2026, but did not file one.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

The Parties agree that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). (Doc. 1 ¶ 12; Doc. 4 at 1.) Respondents "concede[] that this Court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or risk of flight." (Doc. 4 at 1 (citations omitted).) In light of Respondents' concession, the Court **GRANTS** the Petition to the extent it seeks a bond hearing. The Court **DENIES** the Petition to the extent it seeks immediate release. *See Khadka v. Otay Mesa Det. Center*, Case No.: 3:26-cv-00475-RBM-MMP, 2026 WL 800177, at *5 n.2 (S.D. Cal. Mar. 23, 2026).

## IV. CONCLUSION

For the reasons above, the Petition (Doc. 1) is **GRANTED**.

1. The Government is **ORDERED** to provide the noncitizen with an individualized bond hearing before an immigration judge **within seven (7) days** of the entry of this Order, unless the noncitizen requests a continuance, to determine whether his continued detention is warranted.
2. If the noncitizen does not request a continuance, and no hearing occurs **within seven (7) days** of entry of this Order, the noncitizen **SHALL** be released from custody.

3. At the bond hearing, the Government **SHALL** bear the burden of establishing by clear and convincing evidence that the noncitizen poses a danger to the community or a risk of flight.
4. If bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay.[1]
5. The Government **SHALL FILE** a status report **within 5 days** of providing the noncitizen with a bond hearing indicating whether and when the noncitizen received a bond hearing, and the outcome of that bond hearing.
6. The Government **SHALL** make the audio recording of the bond hearing available to the noncitizen and his counsel upon request.

**IT IS SO ORDERED.**

DATE: September 24, 2026

HON. RUTH BERMÚDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

[1] *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017) ("A bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests.").